**IN THE COURT OF APPEALS OF IOWA**

No. 22-1037
Filed March 8, 2023

**IN THE INTEREST OF K.L.,**
**Minor Child,**

**C.H. and R.H.,**
        Petitioners-Appellees,

**K.L., Father,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.


        A father appeals the district court order terminating his rights in a private

termination proceeding. **AFFIRMED.**


        Ande Skinner of Ramsey Law P.L.C., West Des Moines, for appellant.

        Devin Davis of Davis Law Firm, LLC, Des Moines, for appellees.

        Barbara Durden Davis, West Des Moines, attorney and guardian ad litem

for child.


        Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A father appeals the district court order terminating his parental rights in a private termination proceeding. We find there is sufficient evidence of abandonment, as the father has not provided financial support for the child or maintained regular communication. Termination of the father's parental rights is in the child's best interests. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

C.H. is the mother and K.L. is the father of K.R.L, born in 2015. The father has spent much of the child's life incarcerated—from Fall 2016 to January 2018; March 2019 to Fall 2019; January 2020 to Spring 2020; and from July 2021 through at least May 2022. Prior to his latest incarceration, the father tested positive for methamphetamine. He has been arrested for domestic abuse "[a] few times." The father has not provided any financial support for the child since 2016. He has not seen the child in person since 2018, and he has not sent any cards or gifts since that time.

The mother married R.H. in 2020, and the child lives in their home. On March 26, 2021, the mother filed a petition seeking to terminate the father's parental rights on the ground of abandonment under Iowa Code section 600A.8(3)(b) (2021). She desires to have the child's step-father, R.H., adopt the child.[1]

A termination hearing was held on May 26, 2022. The mother stated the father had a visit with the child in 2018. The father left "nasty messages" for R.H.

---

[1] R.H. adopted one of the mother's other children.

on his work answering machine and then showed up at the mother's house uninvited. R.H. contacted authorities. The father had no further visits with the child. The mother testified that she received a telephone call from the father in January 2020 and that is the last she heard from him. She stated she changed her telephone number in 2020 but added the father previously wrote a letter to her mother so he knew that address, and this was her current address. The mother added that she had the same Facebook account for over six years, and he could have contacted her through Facebook.

The father testified he was in prison on a charge of being a felon in possession of a firearm and expected to be released in February 2023. He admitted he had not provided any financial support for the child for the past four years and had not seen the child since 2018. He argues the mother kept the child from him and he did not know where she was living or how to get in contact with her.

The district court found the father abandoned the child and terminated his rights under section 600A.8(3)(b). The court found:

> Obviously, being incarcerated negatively impacts someone's earning capacity. But, the opportunity to earn *some* income is available. More importantly, [the father] has spent significant periods in the last four years out of custody. He also failed to provide any financial support during these periods.

The court also found the father did not visit the child or attempt to communicate regularly. The court additionally found termination of the father's rights was in the child's best interests. The father now appeals the termination of his parental rights.

## II.     Standard of Review

Private termination proceedings under chapter 600A are reviewed de novo. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012).  "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them."  *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).  In termination proceedings, our primary concern is the best interests of the child.  Iowa Code § 600A.1(1); *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998).

## III.     Termination of Parental Rights

Private termination proceedings under Iowa Code chapter 600A are a two-step process.  *See* Iowa Code §§ 600A.1, .8.  The moving party must first prove by clear and convincing evidence the grounds for ordering termination of parental rights.  *See id.* § 600A.8.  For the second prong, the moving party must prove by clear and convincing evidence that termination is in the best interest of the child. *See R.K.B.*, 572 N.W.2d at 602.

**A.**     The father claims the mother did not present sufficient evidence that he abandoned the child.  He states that he has not been able to financially support the child because he has been in prison during a majority of the child's life.  He also states that he was unable to exercise continuous and repeated contact with the child due to the mother's interference.

Section 600A.8(3) provides:

> b. If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution

toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:

(1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.

(2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

(3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Section 600A.2(20) defines the phrase "[t]o abandon a minor child" to mean:

[A] parent, putative father, custodian, or guardian rejects the duties imposed by the parent-child relationship, guardianship, or custodianship, which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

A parent's subjective intent "does not preclude a determination that the parent has abandoned the child." Iowa Code § 600A.8(3)(c).

The father stated that, during the first nine months of the child's life, he financially supported the child but has not provided financial support since that time. The father has been incarcerated for almost half of the child's life. Even during times he was not incarcerated and was employed, he did not financially support the child. There is clear and convincing evidence in the record to show the father did not contribute toward support of the child in a reasonable amount, according to his means. *See id.* § 600A.8(3)(b).

The father has not seen the child since 2018. During times he could not physically visit the child, he did not send any cards, letters, or gifts. The mother testified she was living at her parents' former home and the father knew that

address. Furthermore, she had the same Facebook account for over six years, and the father could have contacted her through Facebook. The father "cannot use his incarceration as a justification for his lack of relationship with the child." *See In re M.M.S.*, 502 N.W.2d 4, 8 (Iowa 1993). There is sufficient evidence in the record to show the father did not regularly communicate or visit the child. *See* Iowa Code § 600A.8(3)(b)(1), (2).

Following our close review of the record, we determine the father has made only a marginal effort to provide for the support of the child or to communicate with the child. We conclude there is clear and convincing evidence in the record to show the father abandoned the child within the meaning of the applicable law. *See id.* § 600A.8(3)(b).

**B.** The father asserts that termination of his parental rights is not in the child's best interests. He notes that he should be released from prison soon. He states that he plans to become employed and rebuild his relationship with the child.

Section 600A.1(2) states:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

The father has a long history of criminal behavior. He has been in prison for close to half of the child's life. Even when he was not in prison, however, he did not regularly maintain communication with the child or financially provide for the child. The father testified that he participated in a drug treatment program while

in prison, but it is unknown whether he would be able to maintain sobriety outside the prison setting. Also, the evidence does not show that the father addressed his prior problems with domestic violence.

While the father has not taken steps to maintain "a place of importance in the child's life," Iowa Code § 600A.1(2), the mother's husband, R.H., has acted as the child's father. He is interested in adopting the child.

We determine that termination of the father's parental rights is in the child's best interests. We affirm the decision of the district court.

**AFFIRMED.**